UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA NORIEGA,<br><br>                            Plaintiff,<br><br>v.<br><br>SMA MEDICAL, INC.; MJG NETWORK, LLC; MANUEL PALMA; and DOES 1 to 10, inclusive,<br><br>                            Defendants. | Case No.: 24-CV-989 JLS (DEB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS OUTSIDE 90-DAY PERIOD**<br><br>(ECF No. 19) |

       On October 24, 2024, the Court ordered Plaintiff Sophia Noriega ("Plaintiff") to show cause as to why Defendants MJG Network, LLC ("MJG") and Manuel Palma ("Mr. Palma") should not be dismissed from the case for failure to serve ("OSC," ECF No. 17). Specifically, the Court stated it would dismiss claims against Defendants MJG and Mr. Palma within thirty (30) days unless Plaintiff filed either (1) proof that service of the summons and Complaint was timely effectuated; or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon MJG and Mr. Palma accompanied by a motion for leave to serve process outside the 90-day period. OSC at 1–2.

       On November 19, 2024, the Court received Plaintiff's Motion for Leave to Serve Process Outside the 90-Day Period ("Mot.," ECF No. 19), as well as counsel for Plaintiff, Mazen Khatib's ("Mr. Khatib"), Declaration ("Khatib Decl.," ECF No. 19-1). The Court

also received an Affidavit of Service demonstrating service on Defendant MJG. *See* ECF No. 18.

Mr. Khatib represents in his Declaration the following. First, he asserts Defendant MJG has now been served. Khatib Decl. ¶ 3. He also explains when Plaintiff filed this matter, she did not know whether Mr. Palma still worked for and performed professional activities for SMA Medical, Inc. ("SMA"), nor did she know Mr. Palma's whereabouts, the nature of MJG's relationship with SMA, or MJG's direct involvement in the unlawful actions taken against Plaintiff. *Id.* ¶ 4. Plaintiff was only aware that MJG purportedly employed Mr. Palma, and Plaintiff intended to promptly take discovery as to all these issues and serve MJG and Mr. Palma once it discovered MJG's role in the events specified in the Complaint and upon learning Mr. Palma's address. *Id.* Mr. Khatib states SMA removed the matter on June 5, 2024, and the removal papers included a declaration from Mr. Palma indicating he lived in Mexico. *Id.* ¶ 5. In her Motion, Plaintiff indicates this caused her to "reasonably believe that Rule 4(m) did not apply to Mr. Palma and that Plaintiff instead may have to make efforts to serve Mr. Palma through internationally agreed means." Mot. at 2 (citing Fed. R. Civ. Proc. 4(f)).

Mr. Khatib then represents that subsequently, on September 4, 2024, SMA issued disclosures specifying a business address for Mr. Palma, "the Doctor's office and laboratory located at 2061 Ross Ave., El Centro, CA 92243." Khatib Decl. ¶ 6. During September and October, Plaintiff made six attempts to personally serve Mr. Palma at that address, including two instances where the process server conducted a stakeout, to no avail. *Id.* ¶ 7. On November 18, 2024, the process server attempted to complete substitute service upon Mr. Palma at this address and was prevented from doing so by Dr. Theodore Affue, who the process server described as "infuriated" at her. *Id.*

In reviewing SMA's document production, Mr. Khatib asserts Plaintiff discovered a residential address where Mr. Palma indicated he lived in 2022, and diligently made efforts to serve Mr. Palma at this address, but the efforts were unsuccessful as the process server received no response at this address despite three attempts in early November of 2024. *Id.*

¶ 8.  Based on the above, Mr. Khatib indicates it appears possible, if not likely, that Mr. Palma was engaged in deliberate efforts to evade service.  *Id.* ¶ 9.

Under the circumstances, including Plaintiff's initial lack of information regarding both MJG's involvement and Mr. Palma's whereabouts, Plaintiff's subsequent service of MJG, and Plaintiff's good faith efforts to serve Mr. Palma and allegations of potential evasion of service, the Court finds good cause exists for Plaintiff's delay in serving Defendants MJG and Mr. Palma.  Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Serve Process Outside the 90-Day Period (ECF No. 19).  As indicated above, Defendant MJG has already been served.  With respect to Mr. Palma, who does not appear to have yet been served, the Court finds that additional time is warranted based on Plaintiff's good faith efforts.  *See Cadles of W. Virginia, LLC v. Alvarez*, No. 20-CV-2534 TWR (WVG), 2021 WL 2156187 (S.D. Cal. May 27, 2021) (granting additional time to serve where the plaintiff claimed it tried to serve the remaining defendants many times to no avail, and alleged defendants evaded service).

As Plaintiff does not specify the additional time she requests to do so, the Court finds Plaintiff **will have thirty (30) days** from the date of this Order to complete service on Mr. Palma.

**IT IS SO ORDERED.**

Dated:  November 25, 2024

Hon. Janis L. Sammartino
United States District Judge